UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JULIUS K. JORDAN,

Defendant.
_____________________________/

Case No. 4:22-cr-20236

F. Kay Behm
United States District Judge

**ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE (ECF No. 147) AND TO APPOINT COUNSEL (ECF No. 148)**

## I. PROCEDURAL HISTORY

This matter is before the Court on Defendant Julius K. Jordan's motion for reduction of sentence (ECF Nos. 147) under 18 U.S.C. 3582(c)(1)(A), and his motion to appoint counsel in relation to that motion (ECF No. 148). Jordan pled guilty to conspiracy to commit murder-for-hire and possession of an unregistered short barrel rifle. In October 2023, the Court sentenced him to 188 months in prison and three years of supervised release. (ECF No. 107)

Before the Court is Jordan's third motion for a reduction of his sentence, and his second related motion to appoint counsel. The

government has filed a response in opposition. (ECF No. 150). In Jordan's first motion for a reduction, filed on March 13, 2025, he argued that he was entitled to a reduction in his sentence under section 3582(c) because a retroactive amendment to the guidelines changed the base offense level. (ECF No. 132). That motion was denied. (ECF No. 139). Jordan filed a second motion for a reduction on February 3, 2026, checking the box indicating that the "extraordinary and compelling" reason for the reduction was that he received an unusually long sentence, had served at least 10 years of the term of imprisonment, and there had been a change in the law. (ECF No. 142, PageID.1276). That motion was denied because Jordan failed to exhaust his administrative remedies before filing it.[1] (ECF No. 146). In his present motion, Jordan has indicated that he submitted a request for compassionate release to the warden that was denied on May 13, 2026. (ECF No. 147, PageID.1325). He also checked the boxes indicating that he is entitled to a reduction of his sentence because of family circumstances, "other circumstances," and he again asserts that he received an unusually long sentence, has served at least 10 years of the term, and that there has been a

[1] Of note, Jordan also had not served 10 years of his sentence at the time of his second motion, nor has he done so now.

change in the law. (*Id.*, PageID.1327). As explanation, he argues he is due some relief because of a change in the guidelines and because he is a nonviolent offender before the age of 25, and because he has an elderly grandparent that he was the caregiver for. (*Id.*, PageID.1328).

For the reasons set forth below, as with the prior motions, the present motions will be denied.

## II. LEGAL STANDARD

A sentence constitutes a final judgment, and a district court generally lacks the authority to modify it once imposed. 18 U.S.C. § 3582(b)-(c). However, § 3582(c)(1)(A) provides an exception to this "rule of finality" prohibiting sentence modification "except in limited circumstances," known broadly as "compassionate release." *United States v. Lee*, No. 18-20198, 2024 WL 1508826 (E.D. Mich. Apr. 5, 2024) (citing *United States v. Hunter*, 12 F.4th 555, 561, 569 (6th Cir. 2021)).

After a defendant has satisfied the administrative exhaustion requirement of the First Step Act, *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020), they may bring a motion before the district court and the court may review the "three substantive requirements" for granting compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). To grant

a compassionate release motion under the statute, first the court must find an "extraordinary and compelling reason" that warrants a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i)); *see United States v. Jones*, 980 F.3d 1098, 1107-1108 (6th Cir. 2020). The court must also find that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But absent "an applicable policy statement for inmate-filed compassionate-release motions, district courts have [the] discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Finally, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to determine whether the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

As to the first consideration, the Sentencing Commission has defined an "extraordinary and compelling reason" in § 1B1.13 to include 1) medical circumstances; 2) age; 3) family circumstances; 4) whether the defendant was a victim of abuse while in custody; 5) other reasons, which is defined as "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in

paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)," and 6) an unusually long sentence. USSG § 1B1.13(b).

## III. ANALYSIS

Jordan argues that he is entitled to a sentence reduction because he needs to care for his grandparent; he received an unusually long sentence, has served at least 10 years of the term of imprisonment, and there has been a change in the law; and "other circumstances."

First, Jordan has not explained what "other circumstances" are similar in gravity to those enumerated such that it would justify reducing his sentence, nor does he explain how the present motion differs from his first motion for a reduction, which also argued for a reduction based on a change in guidelines and was denied. *See United States v. Holley*, No. 18-20224, 2025 WL 3090761, at *2 (E.D. Mich. Nov. 5, 2025) ("[The defendant] selects the [boxes] that deal with a defendant's age, medical conditions, and facility disease outbreak, as well as the 'other reasons' catch all. But he develops no meaningful argument as to any of them. For this reason alone, the motion could be denied for failing to establish an extraordinary or compelling reason for a sentence reduction."). And although Jordan asserts that he is entitled to

a reduction based on the "unusually long sentence" provision, he has not actually served at least 10 years of the term of imprisonment, as required under that provision. *See* USSG § 1B1.13(b)(6) ("If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law...may be considered.").

As for Jordan's final basis for a reduction, he has not shown that there exists an extraordinary and compelling reason for the Court to reduce his sentence to care for his elderly grandparent. USSG § 1B1.13(b)(3) provides that family circumstances may present an extraordinary and compelling reason in the following circumstances:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available

> caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

In short, the guidelines require the "incapacitation" of an immediate family member, and that the defendant be the "only available caregiver." In his request for the appointment of counsel, Jordan indicates that his grandmother is blind in one eye and needs assistance getting to doctor's appointments. (ECF No. 148, PageID.1341). Ultimately, this argument entirely fails to establish that his grandmother is incapacitated or needs a caregiver of any kind, much less that he is the only person who is able to provide that care. *See United States v. Smith,* No. CR 5:16-100-KKC, 2024 WL 4102041, at *2 (E.D. Ky. Aug. 27, 2024) ("'Incapacitation' within the meaning of § 1B1.13(b)(3) typically means that the individual is 'completely disabled' and 'cannot carry on any self-care' or 'is totally confined to a bed or chair.'" (citation omitted)); *United States v. Soto*, No. CR 10-20635, 2024 WL 4846837, at *6 (E.D. Mich. Nov. 20, 2024) ("However, Soto has not demonstrated that his remaining siblings or other family members are unavailable to care for his parents. The caregiver theory does not support a

finding of extraordinary and compelling circumstances for release." (citation omitted)).

Because Jordan has not demonstrated that there is an extraordinary or compelling reason to reduce his sentence, the Court need not go on to analyze whether a sentence reduction is appropriate under § 3553(a). Jordan's motions are denied. *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021) (*citing United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

## IV. CONCLUSION

For the reasons set forth above, Jordan's motions for reduction of sentence (ECF No. 147) and to appoint counsel (ECF No. 148) are **DENIED**.

**SO ORDERED.**

Date: November 4, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge